## Linker v. Bell

*P. M. Goldstein,* for exceptant.

*Goff & Rubin,* contra.

ALESSANDRONI, P. J., June 23, 1965.—Sale was had on the judgment of a mortgage on premises 4040 Wal-

nut Street. The proposed distribution set forth in the title policy issued to the sheriff lists corporate taxes due the Commonwealth as the first lien; following are the transfer tax of the Commonwealth and the real estate and water taxes due the City of Philadelphia. Mortgagee has filed exceptions to the order of proposed distribution.

Mortgagee's position is that section 1401 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1401, as amended, applies and that the taxes of the Commonwealth are subordinate to its mortgage which was created by a predecessor in title to the corporate owner, citing Commonwealth v. Hoffman-Henon Company, 382 Pa. 213.

In that case the mortgage was created by a straw party and then transferred to the corporate owner. The court held that the lien of corporate taxes was subordinate to the mortgage even though the mortgage had been created by a straw for the corporation. The court noted many bona fide reasons for the use of straw parties. In the instant case the mortgage was also created by a straw party. Were these the only factors present we would conclude that section 1401, supra, applies and petitioner's exceptions should be sustained.

The difficulty in this matter arises from the fact that real estate taxes are due both the City of Philadelphia and the School District of Philadelphia. The Act of March 21, 1945, P. L. 47, sec. 1, 53 PS §7102, provides that such taxes shall be a first lien on real property, but are subordinate to the lien of taxes imposed by the Commonwealth. We now, therefore, have complete circuity.

The mortgage is superior to the lien of the Commonwealth, whose lien is superior to the taxes due the city and school district, whose lien is superior to the mortgage. Section 1401 also provides that the claim of the Commonwealth shall not be postponed in payment to

local taxes or municipal claims, except as provided by the law under which the claims arise.

In Odabashian v. Baker, 14 D. & C. 2d 489, Sweney, P. J., of Delaware County, took the position that if the mortgagee allowed real estate taxes to remain unpaid, the first lien of the Commonwealth revested. He based his decision on the factors of legislative intent and the responsibility of the mortgagee to protect his security by ascertaining that the local taxes have been paid. The question arises only by reason of the existence of local tax claims; the only party who can act to prevent the situation from arising is the mortgagee.

Under this set of circumstances the mortgagee is thus in the same position as any other mortgagee who has failed to protect his security against real estate taxes. The mortgagee's consideration of corporate taxes is not the same, because he has no way of ascertaining their status; but he must be charged with knowledge as to real estate taxes.

We agree with his statement that it is not for the courts to deprive the State of any part of its sovereignty. If we must in effect do violence to the statutory language, we do it in favor of the Commonwealth. However, the violence is more apparent than real because of the language which amended section 1401, Act of August 24, 1963, P. L. 1123.

Clearly, the mortgagee had a responsibility to protect his interest; his failure to do so cannot now entitle him to an exemption, to which he was otherwise entitled: Erie v. Piece of Land, 339 Pa. 321.

If there is to be such an exemption, it is for the General Assembly, not the court to establish same.

### Order

And now, to wit, June 23, 1965, petitioner's exceptions to the order of proposed distribution are dismissed.